PHILLIP A. TALBERT
Acting United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:18-CR-239-JAM |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| MARIO ALBERTO CABRERA, | DATE: September 7, 2021 |
| Defendant. | TIME: 9:30 a.m. |
| | COURT: Hon. John A. Mendez |

This case was set for a status conference on September 7, 2021, and moved on the Court's own motion to September 21, 2021. By this stipulation, the parties request that the Court continue the status conference to October 19, 2021, and to exclude time under Local Code T4 as well under the Court's General Orders, for the reasons set forth below.

On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

1  exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

2  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

3  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

4  or in writing").

5       Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

6  and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

7  continuances are excludable only if "the judge granted such continuance on the basis of his findings that

8  the ends of justice served by taking such action outweigh the best interest of the public and the

9  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

10  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

11  ends of justice served by the granting of such continuance outweigh the best interests of the public and

12  the defendant in a speedy trial."  *Id.*

13       The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

14  T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

15  natural disasters, or other emergencies, this Court has discretion to order a continuance in such

16  circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

17  following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

18  recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

19  *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

20  September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

21  similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

22       In light of the societal context created by the foregoing, this Court should consider the following

23  case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-

24  justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date

25  for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any

26  pretrial continuance must be "specifically limited in time").

27
28       [1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

**STIPULATION**

1.      By this stipulation, the defendant now moves to continue the status conference to October 19, 2021, and to exclude time between September 7, 2021, and October 19, 2021, under Local Code T4, in addition to the exclusion of time the Court has already ordered in light of public health concerns under the Court's General Orders.

2.      The parties agree and stipulate, and request that the Court find the following:

a)      The government has represented that the discovery associated with this case includes law enforcement reports, photographs, as well as audio and video recordings.  All of this discovery has been either produced directly to counsel or made available for inspection and copying.

b)      Counsel for defendant desires additional time to consult with her client, review discovery, investigate evidence and potential defense strategies, and otherwise prepare for trial.

c)      Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

f)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 7, 2021 to October 19, 2021, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial, and pursuant to the Court's General Orders, in light of the public safety concerns created by the COVID-19 pandemic.

/ / /

/ / /

1    3.    Nothing in this stipulation and order shall preclude a finding that other provisions of the

2    Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial

3    must commence.

4    IT IS SO STIPULATED.

5    Dated:  September 3, 2021                    PHILLIP A. TALBERT
                                                  Acting United States Attorney
6
                                                  /s/ JAMES R. CONOLLY
7                                                 JAMES R. CONOLLY
                                                  Assistant United States Attorney
8
     Dated:  September 3, 2021                    /s/ KRESTA N. DALY
9                                                 KRESTA N. DALY
                                                  Counsel for Defendant
10                                                MARIO ALBERTO CABRERA

11

12                          **FINDINGS AND ORDER**

13    IT IS SO FOUND AND ORDERED this 3rd day of September, 2021

14

15                                                /s/ John A. Mendez
                                                  THE HONORABLE JOHN A. MENDEZ
16                                                UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28